UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

WILLIAM ALAN PHILLIPS,           )
           )
           )
          Plaintiff,     )
           )     No. 1:05-CV-215
v.           )
           )     Judge Curtis L. Collier
           )
CAPITAL TOYOTA, INC.,        )
LEXUS OF CHATTANOOGA, INC.,   )
JEFFERY McKAMEY, and       )
GENE McGEE,          )
           )
         Defendants.    )

## MEMORANDUM

Defendants Capital Motor Sales, Inc.,[1] Jeffery McKamey, and Gene McGee (collectively "Defendants") filed a "Motion for Partial Dismissal" on August 19, 2005 (Court File No. 6) and a brief in support of their motion (Court File No. 7). Plaintiff William Alan Phillips ("Plaintiff") then filed an amended complaint (*See* Court File Nos. 10, 15). Since the amended complaint mooted some of Defendants' motion, Defendants filed an "Amended Motion for Partial Dismissal" (Court File No. 19). Defendants filed a brief in support of their amended motion (Court File No. 20), Plaintiff filed a response (Court File Nos. 23, 24), and Defendants filed a reply (Court File No. 26).

After considering the above, and for the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' amended motion to dismiss (Court File No. 19). The

---

[1] Defendants state "Capital Motor Sales, Inc." was misnamed in the complaint and first amended complaint as "Capital Toyota, Inc." (Court File No. 19, p. 1).

Court will dismiss all non-willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, but the Court will not dismiss Plaintiff's willful FLSA claims.  Further, the Court will **DENY** Defendants' original motion to dismiss (Court File No. 6) as **MOOT**.

## I.     STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1232 (S.D. Ohio 1994), accept all the complaint's factual allegations as true, *Bloch*, 156 F.3d at 677; *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *see also Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996).  The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery.  *Hishon v. Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

## II. **RELEVANT FACTS**

The parties are in agreement the following is a summary of the relevant facts (Court File No. 24, p. 1; Court File No. 20, pp. 1-2).

Plaintiff was terminated on May 1, 2003. Plaintiff originally filed suit in this court against Defendants on June 25, 2004 (Case No. 1:04-cv-184, J. Edgar). In that suit, Plaintiff asserted claims pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the FMLA, FLSA, and a claim for retaliatory discharge under Tennessee state law. On July 28, 2005, Plaintiff filed a notice of voluntary dismissal (Case No. 1:04-cv-184, Court File No. 12). On July 29, 2005 Plaintiff filed the current action asserting the same claims previously mentioned.

By order dated August 2, 2005, Judge R. Allan Edgar converted the notice of dismissal in the first suit into a motion to dismiss because Plaintiff's notice of dismissal did not comply with Fed. R. Civ. P. 41 (Case No. 1:04-cv-184, Court File No. 13). On August 16, 2005, Judge Edgar granted Plaintiff's motion to dismiss, without prejudice, and stated Plaintiff could now proceed with the

3

current action (Case No. 1:04-cv-184, Court File No. 15).

On August 19, 2005, Defendants filed a motion to dismiss Plaintiff's ADA claim, FLSA claims, retaliatory discharge claim, and non-willful FMLA claims (Court File No. 6). Instead of filing a response, Plaintiff filed an amended complaint that did not contain a claim under the ADA or a retaliatory discharge claim (*See* Court File No. 15, First Amended Complaint). On December 29, 2005, in response to the Court's order (Court File No. 18), Defendants filed an amended motion to dismiss seeking to dismiss Plaintiff's FLSA claims and non-willful FMLA claims (Court File No. 19).

## III.    DISCUSSION

### A.    Original Motion to Dismiss

When Plaintiff filed his first amended complaint, he clearly mooted some of Defendants' original motion to dismiss. For instance, Plaintiff's amended complaint does not contain an ADA claim or a retaliatory discharge claim. Other parts of Defendants' original motion to dismiss were not mooted by Plaintiff's amended complaint. As an example, Plaintiff's original and amended complaint could be construed to contain non-willful FMLA claims. However, since Defendants have filed an amended motion to dismiss addressing all claims they contend were not mooted by Plaintiff's original motion to dismiss, the Court will **DENY** Defendants' original motion to dismiss (Court File No. 6) as **MOOT**.

### B.    Amended Motion to Dismiss

In Defendants' amended motion to dismiss (Court File No. 19), Defendants seek to dismiss Plaintiff's non-willful FMLA claims and FLSA claims.

4

### 1. Non-Willful FMLA Claims

Defendants aver "to the extent Plaintiff has pled any non-willful violations of the FMLA, . . . these claims are untimely and should [] be dismissed" (Court File No. 20, p. 5). Plaintiff does not dispute Defendants' contention. Instead, Plaintiff states, "In the present case, [P]laintiff's complaint alleges *willful* violations of the FMLA" (Court File No. 24, p. 5 (emphasis added)). Since Plaintiff stipulates he is not alleging any non-willful violations of the FMLA, the Court need not decide if Plaintiff's non-willful FMLA claims are time barred. Nonetheless, the Court will **GRANT** Defendants' amended motion to dismiss Plaintiff's non-willful FMLA claims in light of Plaintiff's response.

### 2. FLSA Claims

Defendants next contend Plaintiff's FLSA claims are time barred. "[T]he FLSA normally has a two-year statute of limitations . . . [but] the [FLSA] extends the limitations period to three years if the defendant's violation was willful." *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 842 (6th Cir. 2002); *see* 29 U.S.C. § 255(a). Plaintiff was terminated on May 1, 2003 and he filed this complaint on July 29, 2005.[2] Therefore, Plaintiff's non-willful FLSA claims are clearly barred.[3] As such, the Court will **GRANT IN PART** Defendants' amended motion to dismiss and will dismiss any non-willful FLSA claims made against Defendants.

With respect to willful FLSA claims, Defendants mention in their brief "[t]here is no

---

[2] Plaintiff actually filed his first suit in this court on June 25, 2004 but that suit was dismissed without prejudice (Case No. 1:04-cv-184, Court File No. 15).

[3] Plaintiff does not contest the statute of limitations bars his non-willful FLSA claims. Further, in his response brief, he says "In the present case, [P]laintiff's complaint alleges willful violations of . . . the FLSA" (Court File No. 24, p. 5).

allegation of willfulness" (Court File No. 20, p. 4). However, after Defendants filed their brief, Plaintiff submitted a second amended complaint that specifically provides "Defendants' conduct amounted to intentional and willful violation of the . . . FLSA" (Court File No. 22, Exh. A). These willful FLSA claims are timely under the three-year statute of limitations for willful claims. Accordingly, the Court will **DENY IN PART** Defendants' amended motion to dismiss regarding willful FLSA claims.

III.    <u>CONCLUSION</u>

In light of the above reasoning, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' amended motion to dismiss (Court File No. 19). The Court will dismiss all non-willful violations of the FLSA and FMLA but the Court will not dismiss Plaintiff's willful FLSA claims. Further, the Court will **DENY** Defendants' original motion to dismiss (Court File No. 6) as **MOOT**.

An Order Shall Enter.

**/s/**

**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

6