UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| WILLIAM ALAN PHILLIPS, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CAPITAL TOYOTA, INC., )<br>LEXUS OF CHATTANOOGA, INC., )<br>JEFFERY McKAMEY, and )<br>GENE McGEE, )<br>)<br>Defendants. ) | No. 1:05-CV-215<br><br>Judge Curtis L. Collier |

## **M E M O R A N D U M**

Before the Court is Defendants Capital Motor Sales, Inc.,[1] Jeffery McKamey, and Gene McGee's (collectively "Defendants") "Motion for Partial Dismissal" (Court File No. 30), to which Defendants have filed a brief in support, seeking to dismiss Plaintiff William Alan Phillips' ("Plaintiff") claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Court File No. 31). Plaintiff filed a brief in response to Defendants' motion (Court File Nos. 33, 34). After considering the above, and for the following reasons, the Court will **GRANT** Defendants' motion for partial dismissal and **DISMISS** Plaintiff's claims under the FLSA.

### **I.    STANDARD OF REVIEW**

---

[1] Defendants state "Capital Motor Sales, Inc." is misnamed in the complaint and first amended complaint as "Capital Toyota, Inc." (Court File No. 31, p. 1).

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1232 (S.D. Ohio 1994), accept all the complaint's factual allegations as true, *Bloch*, 156 F.3d at 677; *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *see also Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations

respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

II.     **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff worked as a parts manager for Defendants Capital Toyota, Inc., Lexus of Chattanooga, Inc., and Capital Motor Sales, Inc. at a car dealership until he was terminated on May 1, 2003 (Court File No. 32, Second Amended Complaint, ¶ 7; Court File No. 28, p. 3). "His salary, based on commissions, averaged between $70,000.00 and $80,000.00 . . ." (*Id.* at ¶ 9). Plaintiff began having episodes of narcolepsy and phlebitis in May 2002 (*Id.* at ¶ 11). Despite his illness, Defendants required Plaintiff to report to his normal place of work and also to work off-site after normal business hours (*Id.* at ¶¶ 24-25). "Defendants [] benefitted from [P]laintiff's after-hours, off-site work, and accepted those benefits without making extra remuneration to [P]laintiff" (*Id.* at ¶ 7).

Defendants required Plaintiff to record the time he worked at the car dealership on a time-card (*Id.* at ¶ 20). However, Defendants would not allow Plaintiff to record his time for off-site work and instructed him not to report any time he spent working away from the car dealership (*Id.* at ¶¶ 28-29). After Defendants started to track the amount of hours Plaintiff worked, they decided he did not qualify for the same bonus plan (*Id.* at ¶ 32). Apparently, Plaintiff's bonus was based on his department's profit (Court File No. 34, p. 6; *see* Second Amended Complaint, ¶ 32). Although his department's profit did not decline, his bonus did (*Id.*). Also, Defendants determined Plaintiff could not take a trip to Hawaii he had earned from a vehicle manufacturer in May 2002 (Second Amended Complaint, ¶ 8).

Plaintiff filed suit against Defendants on July 29, 2005 contending they violated, among

3

other things, the FLSA (Court File No. 1, Complaint). Defendants filed an amended motion to dismiss on December 29, 2005 seeking to dismiss several of Plaintiff's claims including his claim under the FLSA (Court File No. 20). Plaintiff then filed a motion to amend his first amended complaint as a partial response to Defendants' amended motion to dismiss (Court File No. 22). Magistrate Judge William B. Carter granted Plaintiff's motion to amend and ordered him to file a second amended complaint within ten days of January 27, 2006. Plaintiff failed to comply with the Court's order and did not file a second amended complaint until April 5, 2006 (Court File No. 32).[2] This second amended complaint is the subject of Defendants' current motion to dismiss (Court File No. 30). Defendants contend Plaintiff's second amended complaint fails to state a cause of action under the FLSA because Plaintiff is an exempt employee under the FLSA (*Id.*).

## III. DISCUSSION

Under § 7(a) of the FLSA, non-exempt employees are entitled to additional compensation for time worked over 40 hours in one workweek. 29 U.S.C. § 207(a). Section 13(a) sets forth an exception from the FLSA's overtime requirement for "bona fide executive, administrative, or professional" employees, often referred to as "exempt employees." 29 U.S.C. § 213(a)(1); *Renfro v. Indiana Michigan Power Co.*, 370 F.3d 512, 515 (6th Cir. 2004). "Under the regulations

---

[2] Plaintiff has not attempted to explain why he failed to comply with the Court's order. Defendants argue "Plaintiff's failure . . . should be sufficient grounds to dismiss Plaintiff's action or grant Defendants' instant motion" (Court File No. 31, p. 2, n.2). Federal Rule of Civil Procedure 41(b) allows a district court to dismiss a claim for "failure of the plaintiff to . . .comply with . . . any order of the court." Plaintiff has clearly disobeyed a court order. While the Court does not approve of Plaintiff's behavior, it will not exercise its authority to dismiss Plaintiff's FLSA claim without knowing why Plaintiff failed to comply and because Plaintiff was not warned such a failure could lead to dismissal. *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988).

promulgated by the Secretary [of Labor], one requirement for exempt status under § 213(a)(1) is that the employee earn a specified minimum amount on a 'salary basis.'" *Auer v. Robbins*, 519 U.S. 452, 455 (1997) (citing 29 C.F.R. §§ 541.1(f), 541.2(e), 541.3(e) (1996)).

Defendants have the burden of proving the administrative exemption applies to Plaintiff. *Renfro*, 370 F.3d at 515. However, the articulation of this burden varies. *Compare id.* (stating the employer "must establish each element of the exemption by a preponderance of the clear and affirmative evidence") *and Ale v. Tenn. Valley Auth.*, 269 F.3d 680, 691 n.4 (6th Cir. 2001) (stating a "defendant must establish through 'clear and affirmative evidence' that the employee meets every requirement of an exemption") *with Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 578 n.1 (6th Cir. 2004) (noting the clear and affirmative evidence standard language has been used by several courts "without explanation of what the phrase means"). However, the Court need not determine which standard applies because its decision in this case would be the same under either standard. The exemptions to the FLSA's overtime provisions are to be narrowly construed against Defendants. *Martin*, 381 F.3d at 578.

"To establish an overtime exemption for executive, administrative or professional employees, 29 U.S.C. § 213(a)(1), an employer must satisfy three tests: (1) duties test; (2) salary level test; and (3) salary basis test . . . ." *Acs v. Detroit Edison Co.*, -- F.3d --, 2006 WL 954180 at *3 (6th Cir. April 14, 2006) (quotations and citations omitted). Plaintiff concedes the first two tests have been satisfied but argues the salary-basis test has not been met (*See* Court File No. 34, p. 5). The salary-basis test provides "[a]n employee will be considered to be paid 'on a salary basis' within the meaning of the regulations if under his employment agreement he regularly receives each pay period . . . a predetermined amount constituting all or part of his compensation, which amount is not

subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a) (amended and moved to 29 C.F.R. § 541.602, effective Aug. 23, 2004, by Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed.Reg. 22122, 22260 (Apr. 23, 2004)).[3] Subject to certain exceptions, an employee "must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked." *Id.* "An employee is salaried even if his compensation consists of a guaranteed predetermined amount plus additional compensation." *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir. 1997).

In this case, Plaintiff contends the exemption does not apply because his time was tracked, he was required to sign a time-card each day, Defendants would not accept time records for hours worked off-site, and his compensation was adjusted downward (Court File No. 34, p. 6). The mere fact Defendant has his time tracked and he was required to sign a time-card each day does not preclude an application of the exemption. *Douglas*, 113 F.3d at 71 (rejecting argument keeping track of time with a time clock for record-keeping purposes took employee outside the exemption); *Whisman v. Ford Motor Co.*, 157 Fed. Appx. 792, 795 (6th Cir. Oct. 26, 2005) (unpublished) (finding employees were exempt even though employer issued a memorandum requiring all salaried employees to swipe identification badges through a card reader so their time-sheets could be audited against card reader reports); *Renfro*, 370 F.3d at 516 (rejecting argument employees were not exempt because they had to account for at least 40 hours of work each week, make up for partial-day absence by working extra hours or by taking vacation time or paid time off, or because employer

---

[3] Plaintiff was terminated on May 1, 2003. Therefore, the Court will apply 29 C.F.R. § 541.118.

controlled the employees' work schedules). Further, whether Defendants accepted Plaintiff's time-cards for off-site work is immaterial in determining whether Plaintiff is an exempt employee. *See* 29 C.F.R. § 541.118; *Renfro*, 370 F.3d at 516 ("It is only when an employer actually deducts from an employee's paycheck that the employee is ineligible for the exemption").

Plaintiff's argument the exemption does not apply because his compensation was reduced based on the amount of hours he worked also fails. Although an employee may have had his overall compensation reduced, he may still be considered an exempt employee. The regulations provide in relevant part:

> An employee will be considered to be paid on a "salary basis" within the meaning of the regulations if . . . he regularly receives . . . a *predetermined amount* constituting all or *part* of his compensation, *which amount* is not subject to reduction
> . . . .
> . . .
>
> It should be noted that the salary may consist of a *predetermined amount* constituting all or *part* of the employee's compensation. In other words, additional compensation besides the salary is not inconsistent with the salary basis of payment. The requirement will be met, for example by a branch manager who receives a salary of $155 or more a week and in addition, a commission of 1 percent of the branch sales. The requirement will also be met by a branch manager who receives a percentage of the sales or profits of the branch, if the employment arrangement also includes a guarantee of at least the minimum . . . salary required by the regulations.

29 C.F.R. § 541.118(a) & (b) (emphasis added). As these regulations make clear, the key is not whether an employee's overall compensation is subject to reduction, but rather if the *predetermined* amount is subject to reduction. *See Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625-26 (11th Cir. 2004) (rejecting argument sales agents were not paid on a salary basis because their compensation fluctuated based on the number of policies sold and stating "as long as there is a non-deductible minimum, additional compensation on top of the non-deductible salary is permissible"); *Michigan Ass'n of Governmental Employees v. Michigan Dept. of Corrections*, 992 F.2d 82, 84 (6th Cir. 1993)

7

(holding employees were exempt where they received a predetermined amount each pay period but received additional compensation for work in excess of 80 hours); *Kennedy v. Commonwealth Edison Co.*, 252 F.Supp. 737, 742 (C.D. Ill. 2003) (finding a bonus program based on quantity of work did not remove the employee's exempt status and stating "[i]t is now clear . . . whether or not there is any deduction in an employee's *regular* salary is the sine qua non of the FLSA regulation defining 'salary basis.'" (emphasis added)).

Nowhere in his seconded amended complaint or brief does Plaintiff aver his predetermined compensation amount was subject to reduction or actually reduced. He only says his bonus was reduced and his trip to Hawaii was canceled. Plaintiff's bonus and trip to Hawaii were not part of his predetermined amount of compensation. Therefore, they could be reduced based on the amount of hours Plaintiff worked without changing Plaintiff's status as an exempt employee under the FLSA. Thus, the Court concludes Plaintiff was an exempt employee under the FLSA and not subject to the FLSA's overtime regulations.

Accordingly, the Court will **GRANT** Defendants' partial motion to dismiss and **DISMISS** Plaintiff's claims under the FLSA.

### III. CONCLUSION

In light of the above reasoning, the Court will **DISMISS** Plaintiff's FLSA claims.

An Order Shall Enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

8